IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

WARREN ANDREW BUTLER,             )
                                  )
            Petitioner,           )
                                  )
      v.                          )          CV 115-117
                                  )
EDWARD PHILBIN, JR., Warden,      )
                                  )
            Respondent.           )

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

_____

Petitioner brings this case pursuant to 28 U.S.C. § 2254, and seeks permission to

proceed *in forma pauperis* ("IFP").  This case is before the Court for initial review pursuant to

Rule 4 of the Rules Governing Section 2254 Cases.  The Court **REPORTS** and

**RECOMMENDS** that Petitioner's motion to proceed IFP be **DENIED AS MOOT**, (doc. no.

2), that his § 2254 petition be **DISMISSED** as successive, and that this civil action be

**CLOSED**.

## I.    BACKGROUND

On March 22, 2010, Petitioner pleaded guilty to one count of rape in the Superior

Court of Richmond County.  (Doc. no. 1, p. 2.)  Petitioner did not file a direct appeal, but he

did file a state habeas corpus petition in the Superior Court of Mitchell County, Georgia that

was denied on September 18, 2014.  (Id. at 2-3.)  After the court denied his petition, he

sought a certificate of probable cause to appeal from the Georgia Supreme Court, which

denied the request on February 2, 2015. (Id. at 3.) Petitioner executed the instant federal habeas corpus petition on July 28, 2015. (Id. at 7.) Petitioner claims he received ineffective assistance from his trial counsel, there was no factual basis for his guilty plea, his guilty plea was not made knowingly and voluntarily, and the trial court failed to inform him that he could withdraw his guilty plea. (Id. at 5.)

Notably, this is not the first time Petitioner has come before this Court requesting habeas relief. On March 9, 2015, Petitioner filed a petition under 28 U.S.C. § 2254 alleging identical grounds for relief that appear in this petition. Butler v. Carter, CV 115-040, doc. no. 1 (S.D. Ga., Mar. 9, 2015). The Court dismissed that petition as untimely because the one-year limitations period had run before Petitioner filed his state habeas petition. Id., doc. nos. 7, 12. Petitioner acknowledges this prior case in his petition. (Doc. no. 1, p. 3.)

## II.    DISCUSSION

Pursuant to the Court's power to take judicial notice of its own records,[1] and given Petitioner's own tacit admission in the current application, the Court finds that Petitioner has filed a prior application for a federal writ of habeas corpus, thereby making the current application successive.

The relevant portion of 28 U.S.C. § 2244(b)(3)(A), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 states as follows: "Before a second or successive [habeas corpus] application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district

---

[1]United States v. Rey, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987) ("A court may take judicial notice of its own records and the records of inferior courts.").

court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Thus, § 2254 petitioners must "obtain[] authorization in the court of appeals before filing a second or successive [habeas corpus] application . . . ." Guenther v. Holt, 173 F.3d 1328, 1332 (11th Cir. 1999). Without this authorization, the district court correctly dismisses second and successive habeas corpus applications. In re Medina, 109 F.3d 1556, 1564 (11th Cir. 1997), *overruled on other grounds by* Stewart v. Martinez-Villareal, 523 U.S. 637 (1998).

Here, Petitioner has neither sought nor been granted permission from the Eleventh Circuit Court of Appeals to file a second or successive § 2254 petition. Without such authorization, this Court cannot consider Petitioner's claims, and they are subject to dismissal. See id. (affirming dismissal of claims as successive because he did not first file an application with the Eleventh Circuit).

## III.    CONCLUSION

Based on an initial review of the petition as required by Rule 4 of the Rules Governing Section 2254 Cases, the Court finds that Petitioner has filed a successive application for a federal writ of habeas corpus without first obtaining the requisite authorization from the Eleventh Circuit Court of Appeals. Therefore, the Court **REPORTS** and **RECOMMENDS** that Petitioner's motion to proceed IFP be **DENIED AS MOOT**

3

(doc. no. 2), that his § 2254 petition be **DISMISSED** as successive, and that this civil action

be **CLOSED**.

SO REPORTED and RECOMMENDED this 15th day of October, 2015, at Augusta,

Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA